Masa-Chafla v. Barr

BIA
Straus, IJ
A208 378 672/673

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand nineteen.

PRESENT:
　　　　JOHN M. WALKER, JR.,
　　　　JOSÉ A. CABRANES,
　　　　BARRINGTON D. PARKER,
　　　　　　*Circuit Judges.*
_____

Maria Veronica Masa-Chafla,
Tania Michel Huisha-Masa,
　　　　*Petitioners,*

　　　v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.*
_____

17-2346

NAC

| | |
|---|---|
| FOR PETITIONERS: | Gregory Osakwe, Hartford, CT. |
| FOR RESPONDENT: | Chad A. Readler, Acting Assistant Attorney General; Derek C. Julius, Assistant Director; Margaret Kuehne Taylor, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Maria Veronica Masa-Chafla and Tania Michel Huisha-Masa, natives and citizens of Ecuador, seek review of a July 18, 2017, decision of the BIA affirming a September 23, 2016, decision of an Immigration Judge ("IJ") denying Masa-Chafla's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Maria Veronica Masa-Chafla and Tania Michel Huisha-Masa,* No. A 208 378 672/673 (B.I.A. July 18, 2017), *aff'g* No. A 208 378 672/673 (Immig. Ct. Hartford Sep. 23, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2007). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Masa-Chafla raises a single substantive issue in her brief: whether she has a well-founded fear of future persecution on account of her

Runa ethnicity.  We agree with the agency's conclusion that she failed to show a nexus between her ethnicity and her fear of future harm.

To establish eligibility for asylum and withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant."  8 U.S.C. § 1158(b)(1)(B)(i); *id.* § 1231(b)(3)(A); *see also Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (BIA 2010).  Asylum or withholding "may be granted where there is more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of a protected ground."  *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (internal quotation marks omitted).  An applicant "must provide *some* evidence of [a persecutor's motives], direct or circumstantial."  *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 291 (2d Cir. 2007).

Substantial evidence supports the agency's determination that Masa-Chafla failed to demonstrate that the harm she fears would be on account of her Runa

ethnicity. *See Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282-83 (2d Cir. 2006) (applying substantial evidence standard to nexus determination). Masa-Chafla provided no direct testimony or evidence that she was or would be targeted based on her Runa ethnicity. And there is minimal circumstantial evidence that a land owner, Torres, will be motivated to harm Masa-Chafla based on her Runa ethnicity. Masa-Chafla testified that she and Torres belong to different ethnic groups and the State Department Report discusses reports that indigenous people suffer discrimination. However, most of Masa-Chafla's testimony reflects that Torres was motivated by his belief that he owns the property where she was living, not by her ethnicity. *See Elias-Zacarias*, 502 U.S. at 483. Masa-Chafla testified that Torres told her that she was living on his land and tried to show her his ownership documents. Additionally, while everyone in Masa-Chafla's village was Runa, Torres did not target everyone of Runa ethnicity in the village but only those people living on land that "was part of his ranch," thus indicating that he was not targeting individuals because of their ethnicity. Masa-Chafla also testified that Torres was trying to take her

4

land because she lived alone with her sister and daughter, i.e., for a reason distinct from her ethnicity.  Given the lack of even circumstantial evidence suggesting targeting on account of a protected ground, the agency did not err in concluding that Masa-Chafla did not establish that her ethnicity was a central reason for her fear of future harm. *See Elias-Zacarias*, 502 U.S. at 483; *Acharya*, 761 F.3d at 297; *Edimo-Doualla*, 464 F.3d at 282-83.  This finding is dispositive of both asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5